UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| JASON FLETCHER; and LETICIA DE SOUZA OLIVEIRA<br><br>　　　　　Plaintiff,<br>　v.<br><br>ALEJANDRO MAYORKAS, U.S. Secretary of Homeland Security; UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States; MERRICK GARLAND, U.S. Attorney General; in their official capacity,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-1159 |

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT**

1.  Plaintiffs Jason Fletcher, and his foreign national fiancé Plaintiff Leticia De Souza Oliveira, respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiffs' Petition for Alien Fiancé (Form I-129F) without further delay.

2.  Plaintiff Fletcher is a U.S. citizen who filed Form I-129F with Defendant U.S. Citizenship and Immigration Services ("USCIS") on behalf of his foreign national fiancé on September 1, 2022. Plaintiffs' petition remains within the jurisdiction of Defendants, who have improperly withheld action for an unreasonable period of time, to the detriment of Plaintiffs.

3.  The unreasonable delay in processing Plaintiffs' immigration petition is causing substantial harm. Plaintiff Fletcher is suffering financial hardship while supporting his fiancé in

1

Brazil and taking multiple international trips a year to visit her. The uncertainty of the outcome of their cases and Plaintiff de Souza Oliveira's inability to travel to the U.S. to be with her fiancé is causing substantial harm to the Plaintiffs' mental health and wellbeing.

**JURISDICTION AND VENUE**

4. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

5. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that the district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review Plaintiffs' complaint for declaratory and injunctive relief against a federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

6. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal

2

entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiffs' unreasonably delayed petition, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

7. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed immigration petition is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over Plaintiffs' APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed immigration applications, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a

timely manner. *See, e.g.*, *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

8. Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the immigration process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). "The petitioner *shall* be notified of the decision and, if the petition is denied, of the reasons therefor and of the right to appeal." 8 C.F.R. § 214(k)(4). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the fiancé visa petition pending before them.

9. As set forth below, the delay in processing Plaintiffs' properly filed petiion is unreasonable.

10. Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiffs sue the Defendants in their official capacities as officers and employees of the United States. Plaintiffs reside within this District.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. No exhaustion requirement applies to Plaintiffs' complaint for a Writ of Mandamus. Plaintiffs are owed a duty – the adjudication of the properly filed petition which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the

4

petition for over 15 months. Plaintiffs have no other adequate remedy available for the harm they seek to redress – the failure of USCIS to process their petition in a timely manner.

**PARTIES**

12.     Plaintiff Fletcher is a U.S. citizen who has petitioned for his foreign national fiancé to come to the U.S. on a K-1 visa so they can be married.

13.     Plaintiff de Souza Oliveira is Plaintiff Fletcher's foreign national fiancé.

14.     Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

15.     Defendant Ur Mendoza Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a). She is sued in her official capacity only.

16.     United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and deciding benefit applications including fiancé visa petitions such as Plaintiffs'.

17.     Defendant Merrick Garland is the Attorney General of the United States. He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for immigration cases. He is sued in his official capacity only.

18. Defendants are in charge of the processing and adjudication of visa petitions and related background checks for immigration benefits. They are sued in their official capacity only.

## LEGAL FRAMEWORK

Administrative Procedure Act ("APA"):

19. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1).

Fiancé Visa (K-1):

20. U.S. citizens may petition for their foreign national fiancé if they are legally free to marry; have met in person within the past two years or meet one of the exceptions; and intend to marry within 90 days of their fiancé's admission to the U.S. *See* 8 U.S.C. §1101(a)(15)(K).

21. Petition for Alien Fiancé are filed with USCIS using Form I-129F. *See* Instructions for Petition for Alien Fiancé(e), https://www.uscis.gov/sites/default/files/document/forms/i-129finstr.pdf, (last visited 12/28/2023).

22. When a foreign national enters the U.S. on a K-1 visa and marries the visa petitioner within 90 days, they are eligible to file for adjustment of status to that of a lawful permanent resident. 8 U.S.C. §1255(d).

23. Though there is no statutorily mandated deadline for processing fiancé visa petitions, they are classified as nonimmigrant visa petitions. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under

section 1184(c) of this title should be processed *not later than 30 days* after the filing of the petition." 8 U.S.C. §1571(b)(emphasis added).

## FACTUAL AND PROCEDURAL BACKGROUND

24. Plaintiff Fletcher is a U.S. citizen. On or about September 1, 2022, Plaintiff Fletcher filed I-129F on behalf of his foreign national fiancé Leticia De Souza Oliveira.

25. Plaintiffs have contacted Defendant USCIS by phone and through online inquiry but have received no response as to the status of their petition. Plaintiffs also contacted their local congressional representative regarding their cases.

26. While awaiting adjudication, Plaintiff De Souza Oliveira is unable to travel to the U.S. to visit Plaintiff Fletcher. The inability to travel and the uncertainty of the immigration situation is causing substantial emotional hardship to the Plaintiffs. Supporting his fiancé in Brazil and taking time off from work to travel internationally multiple times a year to visit his fiancé is causing financial harm to Plaintiff Fletcher.

27. Plaintiffs have suffered prejudice from the unreasonable delay in adjudicating the petition as Plaintiff De Souza Oliveira has not been able to travel to the U.S. and the couple is not able to move forward with their marriage plans. Plaintiffs' lives and future remain in limbo.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

28. The allegations contained in paragraphs 1 through 27 above are repeated and re-alleged as though fully set forth herein.

29. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

30. Defendants in this case have failed to reach a decision on Plaintiffs' petition. This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs. Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

## COUNT TWO

## VIOLATION OF 5 U.S.C. §§ 702, 704, 706 (APA CLAIMS)

31. The allegations contained in paragraphs 1 through 27 above are repeated and re-alleged as though fully set forth herein.

32. Plaintiffs have suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. & 702.  Plaintiffs are aggrieved by agency action for which there is no other adequate remedy in court.  5 U.S.C. § 704.

33. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

34. The allegations contained in paragraphs 1 through 27 above are repeated and re-alleged as though fully set forth herein.

35. Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to the Plaintiff.  Defendants have failed to properly adjudicate Plaintiffs' petition.

36. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no

other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "'the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice'") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meet all three of these criteria.

37. The Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking adjudication of the fiancé visa petition, including submission of all necessary forms and supporting documents.

38. The Defendant USCIS has unreasonably failed to adjudicate Plaintiffs' petition for over 15 months, thereby depriving Plaintiffs of their rights under 8 U.S.C. § 1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

39. The Defendants owe Plaintiffs a duty to adjudicate the petition, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiffs have no alternative means to obtain adjudication of their petition and their right to issuance of the writ is "clear and indisputable."

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

40. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiffs have already waited over 15 months for adjudication of the pending petition. This is an unacceptable and unreasonable delay.

41. The Plaintiffs are entitled to action on the long-pending petition, because an unreasonable amount of time has passed since the petition was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiffs.

42. Defendants' delay is without justification and has forced Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs pray that the Court grant the following relief:

      A.      Assume jurisdiction over the matter;

      B.      Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the fiancé visa petition is unlawful and contrary to law;

      C.      Order Defendants and those working under them to immediately adjudicate the pending petition;

      D.      Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

      E.      Grant any and all further relief this Court deems just and proper.

Dated this 28th day of December, 2023.

/s/ Heather Kryzak

Heather Kryzak
Attorney for Plaintiffs
Vrapi Weeks, P.A.
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 900-8940
Fax: (505) 466-6127
hk@vrapiweeks.com